UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYRONE J. LLOYD, | ) |
|     Plaintiff, | ) Civil Action |
| vs. | ) |
| | ) No. |
| | ) FILED: MAY 27, 2008 |
| | ) 08CV3059  PH |
| FORD MOTOR COMPANY, | ) JUDGE GUZMAN |
| | ) MAGISTRATE JUDGE COX |
|     Defendant. | ) |

## COMPLAINT

**NOW COMES** the Plaintiff, TYRONE J. LLOYD, by and through his attorney YAO O. DINIZULU of DINIZULU LAW GROUP, LTD. who hereby complains against Defendant FORD MOTOR COMPANY as follows:

### PARTIES

1. Plaintiff, TYRONE J. LLOYD, is an individual, residing at 2524 Athens Road, Olympia Fields, County of Cook, State of Illinois, 60461.

2. Defendant, FORD MOTOR COMPANY, a Michigan corporation, doing business at 1000 Easy Lincoln Highway, City of Chicago Heights, County of Cook, State of Illinois, 60411.

3. The unlawful employment practices alleged in this complaint were committed in the Eastern Division of the Northern District of the State of Illinois.

### GENERAL ALLEGATIONS

4. The Plaintiff TYRONE J. LLOYD repeats and realleges the allegations set forth in Paragraphs 1-7.

5. TYRONE J. LLOYD was employed by Defendant FORD MOTOR COMPANY since August 26, 1991.

6. On or about April 1, 1999, Plaintiff TYRONE J. LLOYD bid on the position of lift truck operator.

7. On or about April 1, 1999, Plaintiff TYRONE J. LLOYD possessed experience and the qualifications for the position of lift truck operator.

8. Defendant FORD MOTOR COMPANY failed to promote Mr. Lloyd to lift truck operator.

9. Defendant FORD MOTOR COMPANY promoted L.S. Lacoss, a man with less experience and who is white.

10. On April 9, 1999, the union grievance found:

    "The aggrieved protests the selection of L.S. Lacoss for ind lift trk operator both the aggrieved and the protested (Lacoss) have the same merit and ability, However the aggrieved is a tow driver and therefore should receive preference over other applicant."

11. On or about February 4, 2004, Defendant FORD MOTOR COMPANY posted a job of welder repair, posting classification no. 2573030.

12. On or about February 4, 2004, Plaintiff TYRONE J. LLOYD bid on the position as welder repair.

13. On or about February 4, 2004, Plaintiff TYRONE J. LLOYD possessed previous experience as an electronic repairman and was certified as a welder.

14. On or about March 16, 2004, the union grievance found:

    "On 3-12-04, Mr. Lloyd was overlooked and denied the job promotion of welder repair. Instead it was given to E.E. Rosine (seniority, 6-8-92). This denial was based solely on an disciplinary action on 4-9-03. This incident which was never grieved to his request, was solely unfounded and wrong. He was in training and allowed to make reasonable mistakes. Yet when he made a mistake, he was unjustly disciplined and disqualified. This disciplinary action should not have caused Mr. Lloyd the job promotion for which he have merit, ability, and seniority."

15. The union requested that Mr. Lloyd be given the welder repair promotion immediately and be made whole of all lost wages.

16. Defendant FORD MOTOR COMPANY failed to promote Mr. Lloyd to welder repair.

17. Defendant FORD MOTOR COMPANY promoted E. E. Rosine, a man with less seniority and who is white.

18. On or about December 20, 2004, Defendant FORD MOTOR COMPANY agreed to assign Mr. Lloyd to welder repair; however, Defendant FORD MOTOR COMPANY left Plaintiff waiting for assignment.

19. Defendant FORD MOTOR COMPANY did not assign Plaintiff for three (3) years, at which time, and in November 2007, Defendant FORD MOTOR COMPANY closed the welder repair classification.

20. Defendant FORD MOTOR COMPANY failed to assign Plaintiff TYRONE J. LLOYD to welder repair as promised.

## COUNT I
### Discrimination based on race in violation of the 1866 Civil Rights Act, 42 U.S.C. 1981.

21. The Plaintiff TYRONE J. LLOYD repeats and realleges the allegations set forth in Paragraphs 1-24.

22. This action is authorized and instituted pursuant to the 1866 Civil Rights Act, 42 U.S.C. 1981, based on an unlawful employment practice by Defendant. Jurisdiction of this court is invoked pursuant to the 1866 Civil Rights Act, 42 U.S.C. 1981.

23. Plaintiff has complied with all conditions precedent to jurisdiction under the 1866 Civil Rights Act, 42 U.S.C. 1981. This action being brought within four (4) years from the date of the last of discriminatory act.

24. TYRONE J. LLOYD is an African American.

25. TYRONE J. LLOYD was hired by the Defendant and worked for the defendant for sixteen years.

26. Plaintiff met the applicable job qualifications and expectations by providing his services in a satisfactory manner.

27. Plaintiff was repeatedly denied promotions by the Defendant.

28. On or about April 1, 1999, Plaintiff TYRONE J. LLOYD bid on the position of lift truck operator.

29. On or about April 1, 1999, Plaintiff TYRONE J. LLOYD possessed experience and the qualifications for the position of lift truck operator.

30. Defendant FORD MOTOR COMPANY failed to promote Mr. Lloyd to lift truck operator.

31. Defendant FORD MOTOR COMPANY promoted L.S. Lacoss, a man with less experience and who is white.

32. On or about February 4, 2004, Defendant FORD MOTOR COMPANY posted a job of welder repair, posting classification no. 2573030.

33. On or about February 4, 2004, Plaintiff TYRONE J. LLOYD bid on the position as welder repair.

34. On or about February 4, 2004, Plaintiff TYRONE J. LLOYD possessed previous experience as an electronic repairman and was certified as a welder.

35. Defendant FORD MOTOR COMPANY failed to promote Mr. Lloyd to welder repair.

36. Defendant FORD MOTOR COMPANY promoted E. E. Rosine, a man with less seniority and who is white.

37. Upon information and belief, Mr. Lloyd was treated unfairly by the Defendant and its agents because he is African American.

38. Upon information and belief, the Defendant has a history of discriminating against African American employees.

39. As a result of Defendant's wrongful employment and promotion practices of plaintiff in violation of the Discrimination in Employment Act Mr. Tyrone J. Lloyd has lost earnings.

40. Defendant FORD MOTOR COMPANY intentionally discriminated against Plaintiff based upon his race by giving the job of lift truck operator and then the job of welder repair to persons with less seniority and less experience than Plaintiff.

41. The Civil Rights Act of 1866, 42 U.S.C. 1981(a) guarantees that all persons within the jurisdiction of the United States shall have the same right in every State to make and enforce contracts, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by all white citizens. Plaintiff herein was deprived of his rights, under said statute on the basis of his race, thus plaintiff was denied his rights under 42 U.S.C. 1981(a).

42. Plaintiff was damaged in amounts to be proven at trial as a result of the violation of his rights including suffering lost wages, humiliation, embarrassment, stress, depression and other compensatory damages.

43. Defendant, FORD MOTOR COMPANY, was at all times relevant hereto an employer who has more than 500 employees in each of the 20 or more calendar weeks in 2004 through and including 2008, located at its premises in Illinois, and as defined under 42 U.S.C. 1981(b)(3)(D).

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For back pay and damages for Plaintiff's loss of the earnings and benefits of the employment relationship.

2. For the costs, including attorney's fees, of the trial of this claim and any appeal, and any other relief to which the Plaintiff is justly entitled.

### COUNT II
### Discrimination based on race in violation of
### Title VII of the Civil Rights Act of 1964, 42 USC §§ 2000e et seq.

44. The Plaintiff TYRONE J. LLOYD repeats and realleges the allegations set forth in Paragraphs 1-43.

45. This action is authorized and instituted pursuant to Tile VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq, based on an unlawful employment practice by Defendant. Jurisdiction of this court is invoked pursuant to § 706 of Title VII 42 U.S.C.A. § 2000e-5(f)(1).

46. Plaintiff has complied with all conditions precedent to jurisdiction under 42 U.S.C.A. §§ 2000e-5. Specifically, a charge of employment discrimination was filed with the Equal Employment Opportunity Commission within 180 days of the unlawful employment practice. Notice of a Right to Sue was received. This complaint was file within 90 days of receipt of the Notice.

47. A Charge of Discrimination was filed with the Equal Employment Opportunity Commission on March 3, 2008.

48. Dismissal and Notice of Rights was received March 11, 2008.

49. TYRONE J. LLOYD is an African American.

50. TYRONE J. LLOYD was hired by the Defendant and worked for the defendant for sixteen years.

51. Plaintiff met the applicable job qualifications and expectations by providing his services in a satisfactory manner.

52. Plaintiff was repeatedly denied promotions by the Defendant.

53. On or about April 1, 1999, Plaintiff TYRONE J. LLOYD bid on the position of lift truck operator.

54. On or about April 1, 1999, Plaintiff TYRONE J. LLOYD possessed experience and the qualifications for the position of lift truck operator.

55. Defendant FORD MOTOR COMPANY failed to promote Mr. Lloyd to lift truck operator.

56. Defendant FORD MOTOR COMPANY promoted L.S. Lacoss, a man with less experience and who is white.

57. On or about February 4, 2004, Defendant FORD MOTOR COMPANY posted a job of welder repair, posting classification no. 2573030.

58. On or about February 4, 2004, Plaintiff TYRONE J. LLOYD bid on the position as welder repair.

59. On or about February 4, 2004, Plaintiff TYRONE J. LLOYD possessed previous experience as an electronic repairman and was certified as a welder.

60. Defendant FORD MOTOR COMPANY failed to promote Mr. Lloyd to welder repair.

61. Defendant FORD MOTOR COMPANY promoted E. E. Rosine, a man with less seniority and who is white.

62. Upon information and belief, Mr. Lloyd was treated unfairly by the Defendant and its agents because he is African American.

63. Upon information and belief, the Defendant has a history of discriminating against African American employees.

64. As a result of Defendant's wrongful employment and promotion practices of plaintiff in violation of the Civil Rights Act of 1964, Mr. Tyrone J. Lloyd has lost earnings.

65. Defendant FORD MOTOR COMPANY limited, segregate and/or classified Plaintiff TYRONE J. LLOYD which deprived and/or tended to deprive Plaintiff TYRONE J. LLOYD of employment opportunities or otherwise adversely affect Plaintiff status as an employee, because of his individual's race and/or color.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For back pay and damages for Plaintiff's loss of the earnings and benefits of the employment relationship.

2. For the costs, including attorney's fees, of the trial of this claim and any appeal, and any other relief to which the Plaintiff is justly entitled.

## COUNT III
### Relatiation in violation of
### the 1866 Civil Rights Act, 42 U.S.C. 1981

66. The Plaintiff TYRONE J. LLOYD repeats and realleges the allegations set forth in Paragraphs 1-65.

67. TYRONE J. LLOYD is an African American.

68. From January 1997 up through and including May 1997, Defendant FORD MOTOR COMPANY, by and through its employee, LESLIE VINCENT, repeatedly harassed, embarrassed, intimidated and abused Plaintiff TYRONE J. LLOYD with derogatory, racially discriminatory and demeaning insults such as "nigger" and "Black Asshole."

69. On a daily basis from January 1997 up through and including April 3, 1998, while Plaintiff TYRONE J. LLOYD was delivering racks to the Defendant FORD MOTOR COMPANY, by and through its employee, JOYCE McCAIN, with derogatory, racially discriminatory insults such as "nigger", "Black Asshole", "move your black ass" and "Black Mother Fucker".

70. On or about November 6, 1997, JOYCE McCAIN battered the Plaintiff TYRONE LLOYD by stomping on his foot.

71. On or prior to May 9, 1997, plaintiff TYRONE J. LLOYD was qualified for and requested a job promotion to "fork truck operator".

72. Defendant FORD MOTOR COMPANY failed to award the job of fork truck operator to Plaintiff TYRONE J. LLOYD, giving it instead to an employee who had less seniority and is white.

73. On August 14, 1998, TYRONE J. LLOYD filed a complaint in the United States District Court for the Northern District of Illinois Eastern Division, Case against Defendant FORD MOTOR COMPANY alleging racial discrimination pursuant to U.S.C. 1981, Racial Discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e), assault and battery, negligent supervision, intentional infliction of emotional distress, and pendent claim based on the laws of Illinois.

74. On March 26, 2001, Plaintiff TYRONE J. LLOYD and Defendant FORD MOTOR COMPANY entered into a settlement agreement in which TYRONE LLOYD was awarded $55,000.00.

75. Plaintiff TYRONE LLOYD continued to be employed by Defendant FORD MOTOR COMPANY.

76. Plaintiff was repeatedly denied promotions by the Defendant.

77. On or about April 1, 1999, Plaintiff TYRONE J. LLOYD bid on the position of lift truck operator.

78. On or about April 1, 1999, Plaintiff TYRONE J. LLOYD possessed experience and the qualifications for the position of lift truck operator.

79. Defendant FORD MOTOR COMPANY failed to promote Mr. Lloyd to lift truck operator.

80. Defendant FORD MOTOR COMPANY promoted L.S. Lacoss, a man with less experience and who is white.

81. On or about February 4, 2004, Defendant FORD MOTOR COMPANY posted a job of welder repair, posting classification no. 2573030.

82. On or about February 4, 2004, Plaintiff TYRONE J. LLOYD bid on the position as welder repair.

83. On or about February 4, 2004, Plaintiff TYRONE J. LLOYD possessed previous experience as an electronic repairman and was certified as a welder.

84. On or about March 16, 2004, the union grievance found:

    "On 3-12-04, Mr. Lloyd was overlooked and denied the job promotion of welder repair. Instead it was given to E.E. Rosine (seniority, 6-8-92). This denial was based solely on an disciplinary action on 4-9-03. This incident which was never grieved to his request, was solely unfounded and wrong. He was in training and allowed to make reasonable mistakes. Yet when he made a mistake, he was unjustly disciplined and disqualified. This disciplinary action should not have caused Mr. Lloyd the job promotion for which he have merit, ability, and seniority."

85. The union requested that Mr. Lloyd be given the welder repair promotion immediately and be made whole of all lost wages.

86. Defendant FORD MOTOR COMPANY failed to promote Mr. Lloyd to welder repair.

87. Defendant FORD MOTOR COMPANY promoted E. E. Rosine, a man with less seniority and who is white.

88. On or about December 20, 2004, Defendant FORD MOTOR COMPANY agreed to assign Mr. Lloyd to welder repair; however, Defendant FORD MOTOR COMPANY left Plaintiff waiting for assignment in continued retaliation.

89. Defendant FORD MOTOR COMPANY did not assign Plaintiff for three (3) years, at which time, and in November 2007, Defendant FORD MOTOR COMPANY closed the welder repair classification in continued retaliation.

90. Upon information and belief, Mr. Lloyd was treated unfairly by the Defendant and its agents because he is African American.

91. Upon information and belief, the Defendant has a history of discriminating against African American employees.

92. As a result of Defendant's wrongful employment and promotion practices of plaintiff in violation of the Discrimination in Employment Act Mr. Tyrone J. Lloyd has lost earnings.

93. Defendant FORD MOTOR COMPANY intentionally discriminated against Plaintiff based upon his race by giving the job of lift truck operator and then the job of welder repair to persons with less seniority and less experience than Plaintiff.

94. The Civil Rights Act of 1866, 42 U.S.C. 1981(a) guarantees that all persons within the jurisdiction of the United States shall have the same right in every State to make and enforce contracts, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by all white citizens. Plaintiff herein was deprived of his rights, under said statute on the basis of his race, thus plaintiff was denied his rights under 42 U.S.C. 1981(a).

95. Plaintiff was damaged in amounts to be proven at trial as a result of the violation of his rights including suffering lost wages, humiliation, embarrassment, stress, depression and other compensatory damages.

96. Defendant, FORD MOTOR COMPANY, was at all times relevant hereto an employer who has more than 500 employees in each of the 20 or more calendar weeks in 2004 through and including 2008, located at its premises in Illinois, and as defined under 42 U.S.C. 1981(b)(3)(D).

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For back pay and damages for Plaintiff's loss of the earnings and benefits of the employment relationship.

2. For the costs, including attorney's fees, of the trial of this claim and any appeal, and any other relief to which the Plaintiff is justly entitled.

        Respectfully Submitted,

        DINIZULU LAW GROUP, LTD

        s/ Yao Dinizulu
        One of the attorneys for the Plaintiff

Yao O. Dinizulu
Dinizulu Law Group, Ltd
203 N. LaSalle St. Suite 2100
Chicago, IL 60601
(312) 782-4117